Dear Commissioner Savoie:
This office is in receipt of your recent opinion request regarding the use of names by proprietary schools. Specifically, you raised the following issue for our review:
 ". . . to request from the Attorney General an opinion regarding the use of names by proprietary schools, which may be construed as misleading."
A similar question was previously addressed by Louisiana Attorney General Opinion No. 98-62. The opinion concluded that the jurisprudence mandated that one must show that there is a "protectable proprietary interest" in the trade mark or name that may exclude others from using it. Gulf Coast Bank v. Gulf CoastBank Trust Co., 652 So.2d 1306 (La. 1995). This would call for a case by case analysis of the proposed name to be used. Opinion No. 98-62 explains the process that must be used in determining whether there is a "protectable proprietary interest" in a particular name. Opinion No. 98-62 specifically provided that:
 This `protectable proprietary interest' requires actual use of a mark or name and the mark or name must be distinctive, either by being inherently distinctive or by having acquired distinctiveness through secondary meaning. Gulf Coast Bank v. Gulf Coast Bank Trust Co., 652 So.2d 1306, 1313 (La. 1995). Louisiana courts have generally divided trade marks and trade names into four categories to determine distinctiveness, they are: (1) generic; (2) descriptive; (3) suggestive; and (4) arbitrary or fanciful. Vision Center v. Opticks, Inc., 596 F.2d 111, 115 (5th
Cir. 1979). A generic term is the name of a particular genus or class of which an individual article, service or business is but a member; a descriptive term identifies a characteristic or quality of an article, service or business; a suggestive term suggests, rather than describes, a characteristic of the goods, services or business and requires an effort of the imagination by the consumer in order to draw a conclusion as to the nature of the goods, services or business; and an arbitrary or fanciful term is considered inherently distinctive and is accorded protection without having to prove secondary meaning. Vision Center, at 115-116. Generic and descriptive trade marks and trade names must have a secondary meaning in order to be distinctive. Gulf Coast, at 1313. Secondary meaning is established when words with an ordinary or primary meaning of their own come to be known by the public as specifically designating a particular product, service or business due to their long use with that product, service or business. Chinchuba Institute v. St. Tammany Parish School Board. 664 So.2d 1230,1233 (La.App. 1st Cir. 1995).
The provisions of LSA-R.S. 51:224 contain the current state of the law governing the use of trade marks and trade names by education institutions in Louisiana. LSA-R.S. 51:224 state:
 (A) No person shall use for any commercial purpose any name, work, symbol, or device or any combination thereof, which resembles the official name, symbol, seal, or logo of a public or accredited private educational institution except with the written consent of the public or private educational institution.
 (B) In addition to the remedies otherwise provided in this Subpart, any educational institution may enforce the provisions of this Section by a civil suit, including a suit to enjoin any violations hereof.
In Louisiana Attorney General Opinion No. 98-62, it was concluded that there was a "protectable proprietary interest" in the use of the verbiage "state university" by non-public institutions of higher education and that its use would be considered a violation of LSA-R.S. 51:224.
You questioned the limitations on the use of names by proprietary schools, which may be construed as misleading. The case law shows that one does not have to prove fraud in order to enjoin another from the use of its trade name. Rather one must only show that there is a likelihood of consumer confusion created by another's use of the name. Gulf Coast Bank v. GulfCoast Bank Trust Company, Id at 1306. Chinchuba Institute v.St. Tammany Parish School Board, Id at 1230. This also must be determined on a case by case basis.
It is the opinion of this office that the appropriateness of each name must be assessed on a case by case basis, to determine if one has a "protectable proprietary interest" in the use of the name and if there is a likelihood of consumer confusion created by another's use of that name.
I trust that this opinion addresses your concerns.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: VERONICA L. HOWARD
Assistant Attorney General
RPI/VLH:lrs